UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YESSUH SUHYES HUSSEY, | |
| Plaintiff, | |
| -against- | 23-CV-2905 (PGG) |
| MARIO SALGADO; P.O. MICHAEL GABRIELE #3344; P.O. THOMAS WARD #21847, | ORDER OF SERVICE |
| Defendants. | |

PAUL G. GARDEPHE, United States District Judge:

Plaintiff, who is currently incarcerated at the Eric M. Taylor Center, brings this *pro se* action under 42 U.S.C. § 1983, asserting claims for excessive force, false arrest, and related state law claims. By order dated January 27, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## DISCUSSION

**A.    Service on Police Officers Gabriele and Ward**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). The United States District Court for the Eastern District of New York assessed the $350.00 filing fee before transferring the action to this district, and collection of installment payments has begun. (ECF 4.)

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Michael Gabriele and Thomas Ward through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants Gabriele and Ward.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Address for Defendant Mario Salgado**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff may supply sufficient information to permit the New York City Police Department (NYPD) to identify the address of Mario Salgado, who was a complainant in Plaintiff's August 3, 2021, arrest, if this is available in the police report or other readily ascertainable records. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the address of Defendant Mario Salgado, whom Plaintiff seeks to sue here. The New York City Law Department must provide this information to the Court only (and not directly to the Plaintiff) within 60 days of the date of this order. Once the Court receives this information, if necessary, it will issue an order directing service on Defendant Salgado.

C.     **Referral to the New York Legal Assistance Group Clinic**

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group (NYLAG); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant, which may take up to two weeks. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff, together with the NYLAG Clinic's flyer, retainer, and intake form.

The Clerk of Court is further instructed to issue summonses for Defendants Michael Gabriele and Thomas Ward, complete the USM-285 forms with the addresses for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 16, 2023
New York, New York

*[signature: Paul G. Gardephe]*

PAUL G. GARDEPHE
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Police Officer Michael Gabriele #3344
   New York Police Department 13th Precinct
   230 E 21st Street
   New York, NY 10010

2. Police Officer Thomas Ward #21847
   New York Police Department 13th Precinct
   230 E 21st Street
   New York, NY 10010