UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESSUH SUHYES HUSSEY,

                Plaintiff,

    - against -

MARIO SALGADO, MICHAEL
GABRIELE, THOMAS WARD, and the
CITY OF NEW YORK,

              Defendants.

**ORDER**

23 Civ. 2905 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Yessuh Suhyes Hussey brings claims under 42 U.S.C. § 1983 alleging violations of his constitutional rights arising out of his August 3, 2021 arrest, at 25 West 14th Street in Manhattan, by officers of the New York City Police Department. (Am. Cmplt. (Dkt. No. 11)) The Complaint was filed on January 19, 2023 (Cmplt. (Dkt. No. 1)), and a second complaint – concerning the same events and naming the same defendants – was filed on February 16, 2023.[1] (Am. Cmplt. (Dkt. No. 11)

        Plaintiff was incarcerated at Rikers Island at the time he filed the second complaint, but as of April 7, 2023, he was no longer in the custody of the New York City Department of Correction. (Apr. 7, 2023 Order (Dkt. No. 10) at 1)

        In an April 7, 2023 order, Chief Judge Swain directed Plaintiff to "notify the Court in writing, within 30 days (1) of his current mailing address; or (2) whether he consents to electronic service of documents." (Id. at 2) Chief Judge Swain warned that "[i]f Plaintiff does

---

[1] The second complaint was filed in the Eastern District of New York (see Dkt. No. 11), but was transferred to this District. Magistrate Judge Netburn treats the second complaint as an Amended Complaint. (R&R (Dkt. No. 25) at 1-2)

not comply with this order within the time allowed, the Court will dismiss Plaintiff's complaint without prejudice to his refiling it." (Id.)

On June 9, 2023, this case was reassigned to this Court. (Dkt. Sheet at June 9, 2023)

On June 16, 2023, this Court referred this case to Magistrate Judge Netburn for general pretrial supervision. (Dkt. No. 14)

In an October 12, 2023 order, Judge Netburn directed Plaintiff "to provide the Court with his mailing address by November 13, 2023." (Oct. 12, 2023 Order (Dkt. No. 24)) In her October 12, 2023 order, Judge Netburn noted that Plaintiff had never responded to Chief Judge Swain's April 7, 2023 order directing him to provide his updated mailing address or his consent to electronic service of documents. (Id.) Given these circumstances, Judge Netburn "warned [Plaintiff] that if he does not timely comply with this order, his case will be dismissed without prejudice." (Id.)

The Clerk of Court mailed a copy of Judge Netburn's October 12, 2023 order to Plaintiff, but the mail was returned to sender. (See Dkt. Sheet at Oct. 13, 2023; Oct. 31, 2023) Since filing the second complaint on February 16, 2023, Plaintiff has not taken any action in connection with this case and has not responded to the Court's directives.

On November 22, 2023, Judge Netburn issued a Report & Recommendation ("R&R") recommending that Plaintiff's claims be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (R&R (Dkt. No. 25))

Fed. R. Civ. P. 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order. . . ." Fed. R. Civ. P. 41(b). "Although Rule 41(b) expressly addresses a situation in which a defendant moves

to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute <u>sua sponte</u>." <u>Williams v. Wellness Med. Care, P.C.</u>, No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing <u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630 (1962)).

> A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'

<u>Baptiste v. Sommers</u>, 768 F.3d 212, 216 (2d Cir. 2014) (quoting <u>Lucas v. Miles</u>, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." <u>Id.</u> (citing <u>Nita v. Conn. Dep't of Env't Prot.</u>, 16 F.3d 482, 485 (2d Cir. 1994)).

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." <u>U.S. ex rel. Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 255 (2d Cir. 2004) (citing <u>Martens v. Thomann</u>, 273 F.3d 159, 180 (2d Cir. 2001)). Here, Plaintiff has not complied with the Court's orders directing him to update his mailing address. Moreover, Plaintiff has taken no action in this case for well over a year. <u>See</u> <u>Laney v. Ramirez</u>, No. 10 Civ. 9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (alteration in original) (quoting <u>Baker v. Smartwood</u>, 9:00 Civ. 1189 (GTS) (GJD), 2008 WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008) ("[D]urations of time as brief as four months have been held to be sufficient to weigh in favor of dismissal."); <u>Peters-Turnbull v. Bd. of Educ. of City of N.Y.</u>, No. 96 Civ. 4914 (SAS), 1999 WL

959375, at *3 (S.D.N.Y. Oct. 20, 1999) (concluding that delay of between five and ten months "falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b)).

Under the second factor, "[t]he question . . . is whether [Plaintiff] received notice 'that further delays would result in dismissal.'" U.S. ex rel. Drake, 375 F.3d at 255 (quoting Martens, 273 F.3d at 180). Here, Chief Judge Swain's April 7, 2023 order and Judge Netburn's October 12, 2023 order warn Plaintiff that his case will be dismissed for failure to prosecute if he does not respond to the Court's directives. (Apr. 7, 2023 Order (Dkt. No. 10) at 2; October 12, 2023 Order (Dkt. No. 24))

The next factor – whether Defendant is "likely to be prejudiced by further delay"– also weighs in favor of Defendants. A "[d]efendant[] should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit," Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000).

"The fourth factor [courts] consider is the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." U.S. ex rel. Drake, 375 F.3d at 257 (citing Martens, 273 F.3d at 182). This factor weighs in favor of dismissal. Plaintiff's last action in this litigation took place more than a year ago, and there is no evidence that Plaintiff intends to take any action in this case in the future.

Finally, the Court finds that lesser sanctions would be ineffective. Plaintiff has not complied with the April 7, 2023 order or the October 12, 2023 order. (Apr. 7, 2023 Order (Dkt. No. 10) at 2; October 12, 2023, Order (Dkt. No. 24)) "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed. Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless." Ctr.

for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., 06 Civ. 2390 (LAP), 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004)); Smith v. Human Res. Admin., 91 Civ. 2295 (MGC), 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [as][c]ourt orders and direction have not prompted plaintiff to move h[is] case forward.")).  This factor therefore weighs in favor of dismissal.

Viewing the record as a whole and having considered each of the relevant factors, this Court concludes that dismissal for failure to prosecute is an appropriate sanction at this time.

## CONCLUSION

For the reasons stated above, Judge Netburn's R&R is adopted in full, and Plaintiff's claims against Defendants Mario Salgado, Michael Gabriele, Thomas Ward, and the City of New York are dismissed without prejudice for failure to prosecute.  The Clerk of Court is directed to close this case.

Dated:  New York, New York
         August 13, 2024

SO ORDERED.

Paul G. Gardephe
United States District Judge